**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| SUSAN NORMAN,<br><br>Plaintiff,<br><br>v.<br><br>EQUIFAX INFORMATION SERVICES, LLC, EXPERIAN INFORMATION SOLUTIONS, INC., TRANS UNION, LLC, and JP MORGAN CHASE BANK, N.A.<br><br>Defendants. | Case No.<br><br>PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL |

**COMPLAINT**

NOW COMES Plaintiff, SUSAN NORMAN ("Plaintiff"), by and through her attorneys, hereby alleging the following against Defendants EQUIFAX INFORMATION SERVICES, LLC ("EQUIFAX"), EXPERIAN INFORMATION SOLUTIONS, INC. ("EXPERIAN"), TRANS UNION, LLC., ("TRANS UNION"), and JP MORGAN CHASE BANK, N.A. ("CHASE") (collectively referred to as "Defendants"):

**Nature of the Action**

1. This action arises pursuant to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*

**Parties**

2. Plaintiff is a natural person at all times relevant residing in Cobb County, in the City of Acworth, in the State of Georgia.

3. At all times relevant, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681(a)(c).

4. Defendant EQUIFAX is a corporation conducting business in the State of Georgia and is headquartered in Atlanta, Georgia.

5. Defendant EQUIFAX is a "person" as that term is defined by a consumer reporting agency as that term is defined 15 U.S.C. § 1681a(b).

6. Defendant EQUIFAX is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports to third parties, as defined in 15 U.S.C. §1681(d).

7. Defendant EQUIFAX is a "consumer reporting agency" ("CRAs") as that term is described in 15 U.S.C. § 1681a(f).

8. Defendant EXPERIAN is a corporation conducting business in the State of Georgia and is headquartered in Costa Mesa, California.

9. Defendant EXPERIAN is a "person" as that term is defined by a consumer reporting agency as that term is defined 15 U.S.C. § 1681a(b).

10. Defendant EXPERIAN is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the

purpose of furnishing consumer reports to third parties, as defined in 15 U.S.C. §1681(d).

11. Defendant EXPERIAN is a "consumer reporting agency" ("CRAs") as that term is described in 15 U.S.C. § 1681a(f).

12. Defendant TRANS UNION is a corporation conducting business in the State of Georgia and is headquartered in Chicago, Illinois.

13. Defendant TRANS UNION is a "person" as that term is defined by a consumer reporting agency as that term is defined 15 U.S.C. § 1681a(b).

14. Defendant TRANS UNION is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports to third parties, as defined in 15 U.S.C. §1681(d).

15. Defendant TRANS UNION is a "consumer reporting agency" ("CRAs") as that term is described in 15 U.S.C. § 1681a(f).

16. Defendant, CHASE, is a bank doing business in the State of Georgia.

17. Defendant, CHASE, is a "person" as defined by 47 U.S.C. §153 (39).

18. At all times relevant to this Complaint, Defendants acted through its agents, employees, officers, members, directors, heir, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers.

## Jurisdiction and Venue

19. Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

20. Venue is proper pursuant to 28 U.S.C § 1391(b) as the conduct giving rise to this action occurred in this District because Plaintiff resides within this District and a substantial part of the events or omissions giving rise to the herein claims occurred, or a substantial part of property that is the subject of the action is situated within this District.

## Factual Allegations

21. Plaintiff is a consumer who is the victim of inaccurate reporting by EQUIFAX, EXPERIAN, TRANS UNION, and CHASE and has suffered particularized and concrete harm in the form of loss of credit, defamation, and loss of reputation.

22. CRAs, including EQUIFAX, EXPERIAN, and TRANS UNION have a duty under the FCRA to follow reasonable procedures to ensure that the consumer reports they sell meet the standard of "maximum possible accuracy." 15 U.S.C. §1681(e)(B).

23. On August 6, 2024, Plaintiff and CHASE settled an account beginning with the account numbers 4147.

24. Plaintiff made payments pursuant to the agreement and thereby satisfied the settlement terms.

Facts Relevant to EQUIFAX

25. On May 26, 2026, Plaintiff received a copy of her credit report from EQUIFAX.

26. To her surprise, despite Plaintiff's performance under the terms of the agreement, Defendant CHASE reported inaccurate information regarding the Account to the CRAs, including EQUIFAX.

27. Specifically, EQUIFAX reported the Account as having a balance owed. This status is inaccurate because both Plaintiff and CHASE agreed to a payment plan to satisfy the outstanding debt and Plaintiff met every obligation under the agreement.

28. Further, EQUIFAX and CHASE failed to report the payments Plaintiff made under the terms of the agreement. Specifically, EQUIFAX reported the Account with an inaccurate status of having a balance owed and with a balance being owed.

29. EQUIFAX's failure to report the Account accurately and failure to report the agreement between Plaintiff and CHASE and failure to report the payments Plaintiff made during the course of the agreement harmed Plaintiff's credit score and would, at the least, mislead any third-party reviewing Plaintiff's credit history.

30. On June 10, 2026, Plaintiff issued a dispute to EQUIFAX regarding the inaccurate information being reported on the Account.

31. Specifically, Plaintiff disputed the inaccurate entry in her credit report that the Account was in a having a balance owed status and that any balance was owed on the Account.

32. Further, Plaintiff included proof of the settlement and payments to CHASE with her dispute letter.

33. Her dispute was received on or about June 12, 2026.

34. However, despite having received the letter and accompanying proof of payments, EQUIFAX continued to report the Account as having an outstanding balance.

35. As described above, this current status of having a balance owed is inaccurate or, at the least, misleading and does not accurately reflect the status of the Account since Plaintiff satisfied the terms of the settlement agreement.

36. Further, Plaintiff has been hesitant to apply for any new credit until this inaccuracy is resolved.

Facts Relevant to EXPERIAN

37. On May 26, 2026, Plaintiff received a copy of her credit report from EXPERIAN.

38. To her surprise, despite Plaintiff's performance under the terms of the agreement, Defendant CHASE reported inaccurate information regarding the Account to the CRAs, including EXPERIAN.

39. Specifically, EXPERIAN reported the Account as having a balance owed. This status is inaccurate because both Plaintiff and CHASE agreed to a payment plan to satisfy the outstanding debt and Plaintiff met every obligation under the agreement.

40. Further, EXPERIAN and CHASE failed to report the payments Plaintiff made under the terms of the agreement. Specifically, EXPERIAN reported the Account with an inaccurate status of having a balance owed and with a balance being owed.

41. EXPERIAN's failure to report the Account accurately and failure to report the agreement between Plaintiff and CHASE and failure to report the payments Plaintiff made during the course of the agreement harmed Plaintiff's credit score and would, at the least, mislead any third-party reviewing Plaintiff's credit history.

42. On June 10, 2026, Plaintiff issued a dispute to EXPERIAN regarding the inaccurate information being reported on the Account.

43. Specifically, Plaintiff disputed the inaccurate entry in her credit report that the Account was in a having a balance owed status and that any balance was owed on the Account.

44. Further, Plaintiff included proof of the settlement and payments to CHASE with her dispute letter.

45. Her dispute was received on or about June 12, 2026.

46. However, despite having received the letter and accompanying proof of payments, EXPERIAN continued to report the Account as having an outstanding balance.

47. As described above, this current status of having a balance owed is inaccurate or, at the least, misleading and does not accurately reflect the status of the Account since Plaintiff satisfied the terms of the settlement agreement.

48. Further, Plaintiff has been hesitant to apply for any new credit until this inaccuracy is resolved.

Facts Relevant to TRANS UNION

49. On May 26, 2026, Plaintiff received a copy of her credit report from TRANS UNION.

50. To her surprise, despite Plaintiff's performance under the terms of the agreement, Defendant CHASE reported inaccurate information regarding the Account to the CRAs, including TRANS UNION.

51. Specifically, TRANS UNION reported the Account as having a balance owed. This status is inaccurate because both Plaintiff and CHASE agreed to a payment plan to satisfy the outstanding debt and Plaintiff met every obligation under the agreement.

52. Further, TRANS UNION and CHASE failed to report the payments Plaintiff made under the terms of the agreement. Specifically, TRANS UNION

reported the Account with an inaccurate status of having a balance owed and with a balance being owed.

53. TRANS UNION's failure to report the Account accurately and failure to report the agreement between Plaintiff and CHASE and failure to report the payments Plaintiff made during the course of the agreement harmed Plaintiff's credit score and would, at the least, mislead any third-party reviewing Plaintiff's credit history.

54. On June 10, 2026, Plaintiff issued a dispute to TRANS UNION regarding the inaccurate information being reported on the Account.

55. Specifically, Plaintiff disputed the inaccurate entry in her credit report that the Account was in a having a balance owed status and that any balance was owed on the Account.

56. Further, Plaintiff included proof of the settlement and payments to CHASE with her dispute letter.

57. Her dispute was received on or about June 12, 2026.

58. However, despite having received the letter and accompanying proof of payments, TRANS UNION continued to report the Account as having an outstanding balance.

59. As described above, this current status of having a balance owed is inaccurate or, at the least, misleading and does not accurately reflect the status of the Account since Plaintiff satisfied the terms of the settlement agreement.

60. Further, Plaintiff has been hesitant to apply for any new credit until this inaccuracy is resolved.

61. The aforementioned information reported by EQUIFAX, EXPERIAN, and TRANS UNION regarding the Account with CHASE is inaccurate, or otherwise misleading, and is adverse to the agreement between Plaintiff and CHASE.

62. Further, after receiving Plaintiff's dispute concerning the inaccurate information of the Account, EQUIFAX, EXPERIAN, and TRANS UNION are required to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit file(s) it published and maintained concerning Plaintiff. 15 U.S.C. § 1681e(b).

63. As of July 17, 2026, EQUIFAX, EXPERIAN, and TRANS UNION continue to report the Account inaccurately, reporting a pay status with a balance owed.

64. If EQUIFAX, EXPERIAN, and TRANS UNION would have complied with their statutory duties, inaccurate information concerning the Account would not have been reported despite notice from Plaintiff. Specifically, Defendants EQUIFAX, EXPERIAN, and TRANS UNION violated 15 U.S.C. §1681i by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by failing to conduct lawful

reinvestigations, and by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files.

65. As a result of this conduct, action, and inaction of Defendants, Plaintiff suffered damage by loss of the ability to purchase and benefit from credit, and mental and emotional distress.

66. Further, Plaintiff has been hesitant to apply for any new credit until this inaccuracy is resolved.

**COUNT I – EQUIFAX**
**Violation of the Fair Credit Reporting Act – 15 U.S.C. § 1681e(b)**

67. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-66.

68. After receiving Plaintiff's dispute, EQUIFAX failed to correct the false information regarding the Account reporting on Plaintiff's consumer report.

69. EQUIFAX violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report(s) and credit file(s) that EQUIFAX published and maintained concerning Plaintiff.

70. As a result of this conduct, action, and inaction of EQUIFAX, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with

Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

71. EQUIFAX's conduct, action, and inaction were willful, rendering Defendant EQUIFAX liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

72. In the alternative, EQUIFAX was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

73. Plaintiff is entitled to recover costs and attorneys' fees from EQUIFAX, pursuant to 15 U.S.C. §1681n and/or §1681o.

**COUNT II– EQUIFAX**
**Violation of the Fair Credit Reporting Act – 15 U.S.C. § 1681i**

74. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-66.

75. After receiving Plaintiff's dispute, EQUIFAX failed to correct the false information regarding the Account reporting on Plaintiff's consumer report.

76. Defendant EQUIFAX violated 15 U.S.C. §1681i by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by failing to conduct lawful reinvestigations, and by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files.

77. As a result of this conduct, action, and inaction of EQUIFAX, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

78. EQUIFAX's conduct, action, and inaction were willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

79. In the alternative, Defendant EQUIFAX was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

80. Plaintiff is entitled to recover costs and attorneys' fees from Defendant EQUIFAX pursuant to 15 U.S.C. §1681n and/or §1681o.

## COUNT III – EXPERIAN
## Violation of the Fair Credit Reporting Act – 15 U.S.C. § 1681e(b)

81. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-66.

82. After receiving Plaintiff's dispute, EXPERIAN failed to correct the false information regarding the Account reporting on Plaintiff's consumer report.

83. EXPERIAN violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report(s) and credit file(s) that EXPERIAN published and maintained concerning Plaintiff.

84. As a result of this conduct, action and inaction of EXPERIAN, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

85. EXPERIAN's conduct, action, and inaction were willful, rendering Defendant EXPERIAN liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

86. In the alternative, EXPERIAN was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

87. Plaintiff is entitled to recover costs and attorneys' fees from EXPERIAN, pursuant to 15 U.S.C. §1681n and/or §1681o.

**COUNT IV – EXPERIAN**
**Violation of the Fair Credit Reporting Act – 15 U.S.C. § 1681i**

88. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-66.

89. After receiving Plaintiff's dispute, EXPERIAN failed to correct the false information regarding the Account reporting on Plaintiff's consumer report.

90. Defendant EXPERIAN violated 15 U.S.C. §1681i by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by failing to conduct lawful reinvestigations, and by failing to

maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files.

91. As a result of this conduct, action and inaction of EXPERIAN, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

92. EXPERIAN's conduct, action, and inaction were willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

93. In the alternative, Defendant EXPERIAN was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

94. Plaintiff is entitled to recover costs and attorneys' fees from Defendant EXPERIAN pursuant to 15 U.S.C. §1681n and/or §1681o.

**COUNT V – TRANS UNION**
**Violation of the Fair Credit Reporting Act – 15 U.S.C. § 1681e(b)**

95. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-66.

96. After receiving Plaintiff's dispute, TRANS UNION failed to correct the false information regarding the Account reporting on Plaintiff's consumer report.

97. TRANS UNION violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report(s) and credit file(s) that TRANS UNION published and maintained concerning Plaintiff.

98. As a result of this conduct, action, and inaction of TRANS UNION, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

99. TRANS UNION's conduct, action, and inaction were willful, rendering Defendant TRANS UNION liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

100. In the alternative, TRANS UNION was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

101. Plaintiff is entitled to recover costs and attorneys' fees from TRANS UNION, pursuant to 15 U.S.C. §1681n and/or §1681o.

## COUNT VI– TRANS UNION
## Violation of the Fair Credit Reporting Act – 15 U.S.C. § 1681i

102. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-66.

103. After receiving Plaintiff's dispute, TRANS UNION failed to correct the false information regarding the Account reporting on Plaintiff's consumer report.

104. Defendant TRANS UNION violated 15 U.S.C. §1681i by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by failing to conduct lawful reinvestigations, and by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files.

105. As a result of this conduct, action, and inaction of TRANS UNION, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

106. TRANS UNION's conduct, action, and inaction were willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

107. In the alternative, Defendant TRANS UNION was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

108. Plaintiff is entitled to recover costs and attorneys' fees from Defendant TRANS UNION pursuant to 15 U.S.C. §1681n and/or §1681o.

## COUNT VII– CHASE
## Violation of the Fair Credit Reporting Act – 15 U.S.C. § 1681s-2(b)

109. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-66.

110. After receiving Plaintiff's dispute, CHASE failed to reasonably reinvestigate its reporting of the information regarding the Account reporting on Plaintiff's consumer report.

111. CHASE violated 15 U.S.C. §1681s-2(b) by failing to conduct an investigation with respect to the information disputed by Plaintiff, by failing to review all relevant information regarding Plaintiff's dispute, by failing to accurately report the results of the investigation to EQUIFAX, EXPERIAN, and TRANS UNION and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of CHASE's representations to the CRAs.

112. As a result of this conduct, action, and inaction of CHASE, Plaintiff suffered damages, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

113. CHASE's conduct, action, and inaction were willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

114. In the alternative, CHASE was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

115. Plaintiff is entitled to recover costs and attorneys' fees from CHASE, pursuant to 15 U.S.C. §1681n and/or 15 U.S.C. §1681o.

**Prayer For Relief**

WHEREFORE, Plaintiff respectfully requests judgment be entered against Defendants for negligent or willful noncompliance with the Fair Credit Reporting Act and prays for the following:

a) Actual damages to be proven at trial, or statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A), of not less than $100 and not more than $1,000 per violation;

b) Punitive damages, pursuant 15 U.S.C. § 1681n(a)(2), for Defendant's willful violation;

c) The costs of instituting this action together with reasonable attorney's fees incurred by Plaintiff pursuant to 15 U.S.C. § 1681n(a)(3); and

d) Any further legal and equitable relief as the court may deem just and proper in the circumstances.

**JURY TRIAL DEMAND**

Plaintiff demands a jury trial on all issues so triable.

Respectfully submitted,

Dated: August 12, 2026

By: */s/ Heather Hicks*
Heather Hicks
Colexit Law, PLLC
8735 Dunwoody Place # 12678
Atlanta, GA 30350
P. 480.944.0994
HHicks@colexit.com

Attorney for Plaintiff,
SUSAN NORMAN